FRANK B. ESSEX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

RICHARD P. WHITTY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 31126, 31127. Promulgated November 11, 1930.

*D. N. Burnham, C. P. A.,* for the petitioners.
*B. M. Coon, Esq.,* for the respondent.

OPINION.

LANSDON: Deficiencies for the taxable years 1920, 1921, 1922, 1923, and 1924 have been asserted against each of the petitioners. The statement of issues upon which the parties agreed at the hearing relates only to the years 1922 and 1924. It is obvious therefore that the petitioners concede that the deficiencies asserted for 1920, 1921, and 1923 are correct and, therefore, we redetermine such deficiencies in the respective amounts asserted by the respondent.

The single question as to 1922 is whether the partnership realized a gain or sustained a loss upon the completion in that year of its contract to construct the Hamilton Hotel. This contract was on what is known as the cost-plus basis. The partnership was to receive all the costs it incurred in the construction, and, in addition, a cash fee of $30,000 as its compensation or profit thereon. The evidence discloses that the actual cash cost of the construction was $940,833.12, and that the partnership received on account thereof the net cash amount of $938,677.23. On this showing the partnership claims a loss in the amount of $2,155.89. It appears, however, that in addition to the cash received, the partnership, in the taxable year, accepted certain second trust notes of the face value of $72,500. The Commissioner determined that such notes had a value of 75 per cent of their face at the time received and increased the reported income of the petitioners to the amount of $52,219.11. Petitioners contend that at date received by the partnership such notes not only had no market value, but were worthless. The Hamilton Hotel Co. and the financing corporation connected therewith were unable to meet their obligations in 1922. The partnership could neither sell the notes nor use them as collateral for bank loans. Shortly after the close of such year both corporations became insolvent and their affairs were settled

in the courts. We are of the opinion that the second trust notes in question had no market value at December 31, 1922, and should not be included in the income of the partnership for such year.

The fact that the second trust notes had no market value in the taxable year does not establish their worthlessness at that time. Some of them were accepted for payments due late in the year and it must be assumed that they had value even though not marketable at that time. It follows, therefore, that the loss claimed in the amount of $2,155.19, which is predicated solely on the worthlessness of such notes at December 31 of the taxable year, can not be allowed.

The evidence is conclusive that the partnership invested second trust notes of the Chastleton Hotel of the par value of $12,750 in the Canadian land syndicate in 1922, and that such investment was a total loss in 1924. The only question as to this issue relates to the value of such notes, and, therefore, to the amount of the loss. In his adjustments of the income of the partnership for 1921, the year in which the notes were received, the Commissioner has determined a value of 75 per cent of the face value thereof. This determination has not been challenged by evidence adduced by the petitioner. We conclude, therefore, that the partnership's loss in 1924 from its investment in the Canadian land syndicate was 75 per cent of $12,750, or $9,562.50, and that one-half of such amount is deductible from the gross income of each of the petitioners in such year.

Petitioners each claim a deduction of one-half the amounts of the debts due the partnership which it is alleged were ascertained to be worthless and charged off in 1924. The debt of Heister was incurred by him in 1918. Petitioners admit that no attempts were ever made to collect by an action at law. It was suggested by counsel for the Government that the three-year period of the statute of limitations of the District of Columbia ran against this debt in 1921, but the statute has not been cited by either party. Upon the record we think petitioners have failed to show that the debt was worthless in 1924, or, if so, that it was not equally worthless as early as 1921. Petitioners introduced no evidence relating to the Henry debt. On the issue of bad debts the determination of the respondent is affirmed.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

STERNHAGEN and MURDOCK dissent.